UNITED STATES *v.* JULIAN ROBERTS, INC., RIETMANN PILCER CO. (No. 3874)[1]

United States Court of Customs and Patent Appeals, February 3, 1936

*Joseph R. Jackson*, Assistant Attorney General (*Ralph Folks* and *John J. McDermott*, special attorneys, of counsel), for the United States.

*Brown & Carter* (*Allan R. Brown* and *Fred J. Carter* of counsel) for appellees.

[1] T. D. 48166.

[Oral argument December 2, 1935, by Mr. Folks and Mr. Carter]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GARRETT, Judge, delivered the opinion of the court:

This appeal involves controversies which grew out of importations of merchandise made in the years 1927 and 1929 while the Tariff Act of 1922 was in effect. The merchandise is described in the opinion of the trial court as follows:

These [the involved] items are represented by exhibits 1 and 2, which are two bowl-shaped articles of glass colored or painted red. Each has a flattened bottom, and an upper edge or rim slightly less in diameter than the body of the bowl. Each bowl has a glass cover with a knob on top for handling purposes, fitting over the upper rim. Exhibit 1 is about 5 inches in diameter at its greatest breadth. Including the knob on top of the cover it is about 2¾ inches deep at its greatest depth. Without the knob it is two inches deep. Exhibit 2 is similar except its diameter is less and its height slightly greater than exhibit 1. The testimony as to each sample is that its capacity is "less than one-quarter pint."

To the above it may be added that, as later stated by the trial court, it was agreed by counsel for the respective parties at the trial that the exhibits are composed of flint, lead or lime glass.

No case involving classification, under the Tariff Act of 1922, of merchandise of the precise kind here involved has heretofore reached this court, nor, so far as we are advised, has any other such case been before the United States Customs Court. Similar merchandise was involved in the case of *United States* v. *Marshall Field & Co.*, 19 C. C. P. A. (Customs) 331, T. D. 45483, but that case arose under the Tariff Act of 1930, the glass articles paragraphs of which differ, in a number of material respects, both as to text and arrangement, from the glass articles paragraphs of the 1922 act.

In that case, as presented to us, the issue rested solely between that part of paragraph 218 (e) of the Tariff Act of 1930 which provides for "* * * jars * * * used or designed to be used as containers of * * * talcum powder", and that part of paragraph 218 (f) of said act which provides for—

* * * all articles of every description not specially provided for, composed wholly or in chief value of glass * * * colored * * * painted, printed in any manner * * * or decorated or ornamented in any manner * * *.

There the collector's classification was under the quoted language of paragraph 218 (e), but the United States Customs Court sustained a claim of the importer based upon the quoted language of paragraph 218 (f). This court reversed the decision of the trial court upon the ground that the evidence presented was not sufficient to overcome the presumption of correctness attaching to the collector's classification.

We have made the foregoing allusion to the *Marshall Field & Co.* case, *supra*, thus early in this opinion because of certain arguments

based upon it, made before us on behalf of appellees in the instant case, to which arguments later allusion will be made.

The two appellees here made importations of merchandise of the kind described in that part of the opinion of the trial court quoted *supra*. The collector classified it under the language of paragraph 218 of the Tariff Act of 1922 reading:

PAR. 218. * * * all articles of every description not specially provided for, composed wholly or in chief value of glass or paste, or combinations of glass and paste, blown or partly blown in the mold or otherwise, or colored, cut, engraved, etched, frosted, gilded, ground * * * painted, printed in any manner, sand-blasted, silvered, stained, or decorated or ornamented in any manner, whether filled or unfilled, or whether their contents be dutiable or free, 55 per centum ad valorem * * *.

Each importer protested, the one claim finally relied upon by each being for classification under paragraph 217 of the Tariff Act of 1922 reading:

PAR. 217. Plain green or colored, molded or pressed, and flint, lime, or lead glass bottles, vials, jars, and covered or uncovered demijohns, and carboys, any of the foregoing, filled or unfilled, not specially provided for, and whether their contents be dutiable or free (except such as contain merchandise subject to an ad valorem rate of duty, or to a rate of duty based in whole or in part upon the value thereof, which shall be dutiable at the rate applicable to their contents), shall pay duty as follows: If holding more than one pint, 1 cent per pound; if holding not more than one pint and not less than one-fourth of a pint, 1½ cents per pound; if holding less than one-fourth of a pint, 50 cents per gross: *Provided*, That the terms "bottles," "vials," "jars," "demijohns," and "carboys," as used herein, shall be restricted to such articles when suitable for use and of the character ordinarily employed for the holding or transportation of merchandise, and not as appliances or implements in chemical or other operations, and shall not include bottles for table service and thermostatic bottles.

The cases were consolidated for trial, and judgment was entered sustaining the claim under said paragraph 217. The Government took the instant appeal to this court and here contends, in substance, that appellees' claim is not supported by the evidence, urging particularly that appellees failed to establish by competent evidence that Exhibits 1 and 2 are articles suitable for use and of the character ordinarily employed for the holding and transportation of merchandise.

On behalf of appellees much attention has been given our decision in the *Marshall Field & Co.* case, *supra*. It is pointed out that the collector's classification here is under language of the 1922 act substantially the same as that in the 1930 act under which the importer there claimed and lost, and it is argued, in effect, that the collector's classifications under the respective acts are inconsistent, and that the Government is inconsistent in its efforts to sustain them.

We do not think this contention of inconsistency tenable when all pertinent provisions of the two acts are correctly considered.

It must be remembered that the collector's classification in the instant case was made under the 1922 act a number of years before

the classification in the *Marshall Field & Co.* case, *supra*, was made under the 1930 act, and that the latter act differed materially, upon matters here pertinent, from the former act.

In no paragraph of the 1922 act was there provision for talcum powder containers expressed in the language found in the 1930 act whereunder the classification was made in the *Marshall Field & Co.* case, *supra*, to wit "* * * jars, wholly or in chief value of glass, of the character used or designed to be used as containers of * * * talcum powder * * *." Therefore, in classifying such articles under the Tariff Act of 1922, the collector of necessity had to invoke that language of the act which he believed most aptly covered them, and it does not follow that, because they were not classifiable under 218 (f) of the Tariff Act of 1930, which seemingly made specific provision for them in paragraph 218 (e), they were excluded from language in paragraph 218 of the Tariff Act of 1922 similar to that of 218 (f) of the 1930 act, the 1922 act not having elsewhere contained language specifically covering them.

Again, it must be remembered that the claim of importers here involved is the applicability of language under which no claim was made by the importer in the *Marshall Field & Co.* case, *supra*.

There, as has been said, the importer's claim was under paragraph 218 (f) of the 1930 act; here importers' claim is under paragraph 217 of the 1922 act. Those respective paragraphs do not seem to us to have anything in common, but, it is to be noted, that paragraph 217 of the 1922 act, under which the claim here is made, is (so far as possibly pertinent to the involved merchandise) identical with paragraph 217 of the 1930 act, under which no claim has ever been presented to this court respecting merchandise of the kind here at issue.

It is our view that this case is not controlled by the decision in the *Marshall Field & Co.* case, *supra*, but that it must be determined independently, and solely upon a construction of the pertinent paragraphs of the 1922 act and the evidence presented.

This is true, even if we accept, for the purposes of this case, the contention of appellees that our holding in the *Marshall Field & Co.* case, *supra*, is *stare decisis* as to the articles being jars in the common meaning of the term jar. That is to say, it may be assumed that if the articles are jars, according to the common meaning of that term as used in the Tariff Act of 1930, they were jars in the common meaning of the term as used in the Tariff Act of 1922, but, when this assumption is made, the question remains, were they such jars as Congress intended to be covered by paragraph 217, *supra*, under which appellees claim?

Unless such be the case, the classification of the collector must stand, irrespective of what might result from a measuring of the articles by the language of some other than paragraph 217.

In other words, appellees, as the issue is presented, must satisfactorily establish the correctness of their claims under paragraph 217, else in this case the collector's classification must stand.

The proviso of paragraph 217, *supra,* expressly restricts the articles named therein to such as are "suitable for use and of the character ordinarily employed for the holding or transportation of merchandise * * *," and, as we understand the argument on behalf of the Government, it is to the effect that the jars at issue are, in fact, intended to be used and are chiefly used for holding talcum powder after they have been placed in boudoirs, and not while they are on the shelves of merchants. It is apparently the Government's view that the talcum powder, after it has been purchased and carried to the home for use by the purchaser, ceases to be merchandise in the sense in which the term "merchandise" is used in paragraph 217.

The finding of facts by the trial court is not altogether clear to us. After referring to our opinion in the *Marshall Field & Co.* case, *supra,* simply, as we understand it, for the purpose of showing the common meaning there given to the term "jars," the court said:

* * * In the case at bar the unconditional testimony of the importer is that they are powder *jars,* and he sells them under the name powder *jars.*

In the light of the foregoing authority [Marshall Field & Co., *supra*] holding similar merchandise jars and the uncontradicted testimony that they are jars, and the evidence, also uncontradicted, that their only use is in boudoirs as containers of powder, and the further evidence that at times they are sold by retail stores to consumers filled with powder, which indicates that they are *transported* filled with such powder, we are of the opinion they are a species of jar such as are "ordinarily employed for the holding * * * of merchandise" (talcum powder) and also at times for the transportation of merchandise (talcum powder). They are therefore dutiable as claimed, viz, at 50 cents per gross under paragraph 217, act of 1922. (Italics quoted.)

The above findings appear to be somewhat inconsistent in that the court, while asserting that, from the uncontradicted evidence, "their [the jars] *only* use is in boudoirs as containers of powder" (Italics ours), immediately makes the further finding "that at times they are sold by retail stores to consumers filled with powder", and then deduces the conclusion as to their being *transported* filled with powder.

Elsewhere in its opinion the trial court analyzes the evidence as follows:

Plaintiffs' [importers'] witness Roberts was the only witness testifying. He testified that these articles are powder *jars,* and "they were used in boudoirs for powder, and in many instances they contain a puff"; that the powder was talcum powder, and that he sold them under the name powder *jars.*

Counsel then stipulated that exhibits 1 and 2 are colored and composed of flint, lead, or lime glass.

On cross-examination he testified that if a customer comes into his store and asks for powder bowls he gives them these "if they like the design"; that they are bought and sold empty so far as his firm is concerned, but he has known of concerns to sell them filled with powder. He was asked the difference between

a jar and a bowl, and testified "I considered a bowl an article to put fruit in" and "a jar is for powder."

The protest was submitted without further evidence.

It was brought out on cross-examination that not only is this merchandise used for *holding* talcum powder in boudoirs, but also in some cases it is sold with the powder contained therein; therefore, it is also used for *transporting* such powder. (Italics quoted.)

The foregoing analysis of the evidence seems to be both fair and ample, but we feel constrained to differ from the court's conclusion that it justifies the classification which the court sustained.

We repeat that to fall within paragraph 217 of the Tariff Act of 1922 the article must be not only suitable for use for the holding or transportation of merchandise, but also must be of the character ordinarily employed for such purpose, and it is our opinion that the word "merchandise," as used in the proviso of the paragraph, means, and was intended to mean, only articles which are, or may be intended to be, placed in commerce. To state the matter negatively, we do not think the term merchandise, as used in the paragraph, means articles and commodities when in the hands of the ultimate consumer for personal as distinguished from commercial use.

Under this view of the meaning of the word "merchandise," as used in the proviso of paragraph 217, we think it must be held that the evidence in this case is not sufficient to show that the involved articles are "suitable for use and of the character ordinarily employed for the holding or transportation of merchandise."

Hence, the judgment of the United States Customs Court is *reversed*

BLAND, Judge, dissents.